UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA             DIVISION

William Lee
_____  )    Case No.  1:21-cv-00297-SEB-TAB
Plaintiff          )             _____
                   )             (to be filed out by the clerk's office)
                   )
       v.          )
Bruce Ippell, Loretta Dawson )    **FILED**
Holly Denman of Wexford      )    02/03/2021
_____  )             U.S. DISTRICT COURT
Defendant(s)       )             SOUTHERN DISTRICT OF INDIANA
                                 Roger A.G. Sharpe, Clerk

COMPLAINT FOR A CIVIL ACTION

I.  The Parties to This Complaint

   A.  The Plaintiff(s)

       Provide the information below for each plaintiff named in the complaint.
       Attach additional pages if needed.

       Name: William Lee

       All other names by which
       You have been known:  N/A

       Id Number: 173449

       Current Institution: N.C.C.F

       Address  1000 Van Nuys RD. P.O. Box-A
                New Castle, Ind              47362
                City              State        Zip Code

   B.  The Defendant(s)

       Provide the information below for each defendant named in the complaint,
       whether the defendant is an individual, a government agency, an
       organization, or a corporation. Make sure that the defendant(s) listed
       below are identical to those contained in the above caption. For an
       individual defendant, include the person's job or title (*if known*) and check

1

whether you are bringing this complaint against them in their individual capacity or official capacity, or both. Attach additional pages if needed.

**Defendant No. 1**

Name: Bruce Ippell, Loretta Dawson

Job or title: Doctor, OP-ISP

Street Address: 1000 Van Nuys RD, P.O. Box-R

City and County: New Castle Henry

State and Zip Code: Ind 47362

☑ Individual capacity   ☑ Official Capacity

**Defendant No. 2**

Name: Holly Deisman

Job or title: Night Nurse Super.

Street Address: 1000 Van Nuys RD, P.O. Box-R

City and County: New Castle Henry

State and Zip Code: Ind 47362

☑ Individual capacity   ☑ Official Capacity

II. **Basic for Jurisdiction**

Under 42 U.S.C. § 1983, you may sue state or local officials for the "deprivation of any rights, privileges, or immunities secured by the Constitution and [federal laws]." Under *Bivens* v. six Unknown named agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971), you may sue federal officials for the violation of certain constitutional rights.

   A. Are you bringing suit against (check all that apply)

   ☐ Federal officials (a *Bivens* claim)

   ☑ State or local official (a §1983 claim)

   B. Section 1983 allows claims alleging the "deprivation of any rights,

2

privileges, or immunities secured by the Constitution and [federal laws]." 42 U.S.C. §1983. If you are suing under this section 1983, what federal constitutional or statutory right(s) do you claim is/are being violated by state or local officials?

_The Eighth Amendment Violations._

C.   Plaintiffs suing under *Bivens* may only recover for the violation of certain constitutional rights. If you are suing under *Bivens*, what constitutional right(s) do you claim is/are being violated by federal officials?

_The Eighth Amendment Violations._

D.   Section 1983 allows defendants to be found liable only when they have acted "under color of any statute, ordinance, regulation, custom, or any State or Territory or the District of Columbia." 42 U.S.C. § 1983. If you are suing under section 1983, explain how each defendant acted under color of federal law. Attach additional pages if needed.

_All defendant's involved displayed Inadequate Medical Care. Will explain more in detail under the Statement of Claim Section._

### III. Prisoner Status

Indicate whether you are a prisoner or other confined person as follows (check all that apply):

- ☐ Pretrial detainee
- ☐ Civilly committed detainee
- ☐ Immigration detainee
- ☑ Convicted and sentenced state prisoner
- ☐ Convicted and sentenced federal prisoner
- ☐ Other (explain) _____

3

## Statement of Claim

On March 9, 2017, while located at N.C.C.F, Plaintiff submitted a RFHC (See: Exhibit-A) complaining of extreme discomfort due to some kind of allergy outbreak consisting of swollen lips, fingers, feet, face & head with large softball size hives randomly all over plaintiff's body. (See: Exhibit-B's J-Pay documents) The RFHC was responded to be a doctor visit of Bruce Ippell who displayed deliberated indifference by denieding plaintiff adequate medical attention. By not treated the allergy are request the plaintiff to see a specialist instead Dr. Ippell stated that a specialist is to cost effective. Plaintiff was not treated but told by Dr. Ippell that if the plaintiff continue to have outbreaks to put in another RFHC into medical.

On March 22, 2017, Plaintiff responded with additional RFHC (See: Exhibit-A's RFHC complaining about medical attention). Denoting that medical should focus on obtaining a dianosis for plaintiff's allergy's as well as requesting lab work. During this medical visit with Ms. Dawson I warned her that I would report this problem and the behavior to the corporate headquarters. And at this time plaintiff was expericing extreme outbreaks of hives/swollen lips, the response by Ms. Dawson was after visual examinated of plaintiff's face & body stated "I see no medical assistance

(4)

Cont. pg. 4

needed. "You inmates come here looking for quick fixes (medication) She also stated that while she's here She to stop that behavior of medical." But since you are going to whine about this take this hydrocortisone cream and apply to your lips now get out of my office. (See: Exhibit # 1, R) Grievance filed for Ms. Dawson and Mr. Ippell behavior towards my medical condition). While plaintiff was existing Ms. Dawson stated she didn't care about me complaining to the higher ups and about my grievance concerning her behavior cause she was leaving medical within a week as Wexford records will verify.

On March 5, 2018, Plaintiff contacted K-dorm OFC. with intentions of Obtaining medical asst. for extreme allergy outbreak again consisting of softball sized hives & swollen lips and hands. I ask the officer to look at my Benidrill injection card that was giving to me by Wexford staff. I then asked the K-dorm officer if they could contact the night medical supervisor who is Holly Deisman concerning plaintiff's medical issues and injection card. MS Deisman informed dorm OFC" not to send plaintiff to medical. But told the ofc to tell plaintiff to place a hot/cold rag upon reaction area and to wait though extreme pain to see the morning shift. MS. Deisman displayed deliberated indifference

(5)

CONT PG 5

towards plaintiff doctors order by neglecting her job duty to my serious medical need.

Again on March 5, 2018 plaintiff submitted a RFHC# 378181 to Teresa Rulier (HSA) stating that plaintiff was suffering from continuous allergy reaction without medical attention, lab work and still without proper diagnosis of plaintiff's medical conditions. Ms. Rulier stated past action of medical conditions and not present conditions concerning the allergy outbreak. At this point plaintiff is concern of being delayed treatment.

On March 8, 2018 plaintiff filed a complaint to the Ombusman of medical neglect, delay of treatment and medications and medical malpratice of Wexford staff. Still suffering from my extreme outbreaks with no medical attention or betterment of health.

Still suffering again on November 5, 2019 plaintiff submitted another RFHC# 458089 requesting diagnosis and to be seen by a skin specialist. Due to still suffering from this extreme allergy outbreak with injury's of swollen hands, lips, face & head with large

5-A

CONT PG 5(A)

Softball size hives same as 2017 systoms. Response "refer to provider" (See: Exhibits all of A's And B's)

Finally on, October 6, 2020 Plantiff has submitted numerous RFHC refill of meds in which was out of stock 9.27-2020. To no avil to ultimaly filing another ombudsman complaint, no action has took place on both of my filing to the ombudsman for neglect and delay of treatment all while expericing extreme pain from this allergy out-break.

Wexford Health and staff policies has deprived Lee of appropriate medical care. Doctor Bruce. Ippel and NP/OP Loretta Dawson whom are staff of Wexford Health maintained a "uniform practice and policy" of cutting or avoiding cost at the expense and reckless disreguard of inmates medical care. Night shift manager Nurse Holly Denman actualy knew of Lee's need of medical treatment but intentionally refused to provide it. And prevented Lee

6

FROM RECIEVING RECOMMENDED TREATMENT, WEXFORD HEALTH/STAFF IS A PRIVATE CORP THAT'S CONTRACTED TO PROVIDE MEDICAL SERVICE TO N.C.C.F. INMATES. WEXFORD HEALTH/STAFF HAS IMPLEMENTED COST CUTTING MEASURES ELIMINATING MEDICATION RESULTING IN LEE NOT RECIVING PROPER CARE AS A WHOLE.

## CAUSE OF ACTION

DELIBERATE INDIFFERENCE THROUGH ~~DELA~~ DELAY IN TREATMENT. "PRISON OFFICIALS VIOLATE THE EIGHT ADMENMENT PRO. SCRIPTIONS AGAINST CRUEL AND UNUSUAL PONISHMENT WHEN THEIR CONDUCT DEMONSTRATES "Deliberate inddifference to SERIOUS MEDICAL NEED OF PRISONERS." GUTIERREZ v. GAMBLE, 429 U.S. 97, 104, 97 S. Ct 285, 50 L.Ed. 2d 251 (1976). TO PROVE A DELIBERATE INDIFFERENCE CLAIM, A PLAINTIFF MUST FIRST SHOW THAT HE HAS "A MEDICAL CONDITION THAT HAS BEEN DIANOSED BY A PHYSICIAN AS MANDATING TREAT OR ONE THAT IS SO OBVIOUS THAT EVEN A LAY PERSON WOULD PRECEIVE THE NEED FOR A


(7)

Cont PG 7

doctor's attention." Edwards v. Snyder, 478 F.3d 827, 830-31 (7th Cir. 2007) (Quoting Greeno v. Daley 414 F.3d 645, 653 (7th Cir. 2005). He must then show "that the prison officials (2018 U.S. Dist Lexis 147) knew of a substantial risk of harm to him and disregarded the risk." Id. at 831 (first Quoting Greeno, 414 F.3d at 653; and then citing Farmer v. Brennan, 511 U.S. 825, 834, 114 S.Ct. 1970, 128 L. Ed 2d 811 (1994).

Through March 9, 2017 health care requests Mr. Ippell, Ms. Dawson, and Ms. Denman were made aware that I was suffering from a allergy outbreak. Their refusal to treat my conditions of this allergy outbreak displayed deliberate indifference

From 2017, 2018, 2019, and 2020 to date the defendants were made aware of my allergy outbreak instead of treated the plaintiff the defendant's displayed deliberated indifference behavior of misconduct. When the defendant's neglected to take action by treated me with adequate medical care put me at risk of my health.

"Even a few days" delay in addressing a severely painful but readily treatable condition suffices to state a claim of deliberate indifference. "Smith

7-A

v. Knox County Jail, 666 F.3d 1032, 1040 (7th Cir 2012) (internal citations omitted); Compare Rodriquez v. Plymouth Ambulance Services, 577 F.3d 816, 832 (2009) State employees could be liable for a four day delay in treating prisoner who complained that his IV was causing him serious pain). Grieveson v. Anderson 538 F.3d 763, 779 (7th Cir 2008) (Guards could be liable for delay of treatment of a broken nose for a day and a half); Edwards v. Snyder, 478 F.3d 827, 830-31 (7th Cir 2007) (a plaintiff who painfully dislocated his finger and was needlessly denied treatment for two days stated a deliberate indifference claim, reversing the district courts dismissal with Gutierrez v. Peters, 111 F.3d 1364, 1374 (7th Cir. 1997).

Moreover, when a prisoner has "a medical condition that significantly affects his daily activities or has chronic and substantial pain the condition is objectively serious. Ayoubi v. Dart No. 17-1662, 729 Fed Appx. 455, 2018 U.S. App. Lexis 7435, at *10 (7th Cir Mar 23, 2018) (Citing Hayes, 546 F.3d at 522) (internal quotation omitted). A medical condition that causes pain can be serious without being life threatening, Arnett v. Webster, 658 F.3d 742, 753 (7th Cir 2011); Lewis v. McLean, 864 F.3d 556, 563 (7th Cir 2017) (finding muscle spasms and accompanying back pain objectively serious).

⑧

The U.S. Supreme Court has framed the broad outlines of the deliberate indifference inquiry in two cases; Estelle v. Gamble and Farmer v. Brennan. Estelle identified in the Eighth Amendment protection the "government's obligation to provide medical care for those whom it is punishing by incarceration." 429 U.S. at 103. The Court observed An inmate must rely on prison authorities to treat his medical needs; if the authorites fail to do so, those needs will not be met." Id; see also Helling v. McKinney Quoting (The substantive limits on state action set by the Eighth Amendment "when it" so restrains an individuals liberty that it renders him unable to care for himself; and at the same time fails to provide for his basic human needs including food and medical care.

In Farmer the court more precisely articulated that the standard a plaintiff must meet to hold a prison official liable for Eighth Amendment claims of this variety. It indentified two prongs. The deprivation alleged must be "objectively sufficiently serious" that is, it must result in the denial of the minimal civilized measure of life's necessities. Second under Farmer, a defendant must have a culpable state of mind, which means that the defendant was

(11)

deliberate in his or her indifference the prisoner's health or safety.

## Exhibit Evidence

1. Exhibit-A  Health Care Slip
2. Exhibit-B  Photo's of Injurys
3. Exhibit-E  LETTERS OF INJURYS TO OMBUDSMAN

## EXHAUST ADMINISTRATIVE REMEDIES RECORDS.

### Exhibit-C-D

1. Grievance documents
2. Appeal documents
3. Ombudsman documents

## IV. Statement of claim

State as briefly as possible the facts of your case. Describe how each defendant was personally involved in the alleged wrongful action, along with the dates and locations of all relevant events. You may wish to include further details such as the names of other persons involved in the events giving rise to your claim and write a short and plain statement of each claim in a separate paragraph. Attach additional pages if needed.

A. If the events giving rise to your claim arose outside an institution, describe where and when they arose.

_____

_____

_____

B. If the events giving rise to your claim arose in an institution, describe where and when they arose.

See Attach pages under Statement of Claims.

_____

C. What date and approximate time did the events giving rise to your claim(s) occur?

See Attach pages

_____

_____

D. What are the facts underlying your claim(s)? (For example: What happened to you? Who did what? Was anyone else involved? Who else saw what happened?)

See Attach pages.

_____

_____

4

## V. Injuries

If you sustained injuries related to the events alleged above, describe your injuries and state what medical treatment, if any, you required and did or did not receive.

I OBTAINED Swollow lips, Fingers, Feet, Face, Head Hives on body, TROUBLE BREATHING, Physical, EMOTIONAL AND MENTAL PAIN

I RECIEVED HOURS SOME TIMES DAYS OF NEGLECT/INDIFFERENC ONLY TO BE PASS TO NEXT WORKING SHIFT FOR ASSISTANCE.

## VI. Relief

State briefly what you want the court to do for you. Make no legal arguments. Do not cite any cases or statutes. If requesting money damages, include the amounts of any actual damages and/or punitive damages claimed for the acts alleged. Explain the basis for these claims.

350,000 → Punitive Damage: For the acts and omissions of each defendant.

250,000 → Compensatory Damage: The suffering, mentally I'm feeling discouraged, Frustrated. To be seen by a Specalist better medical treatment.

## VII. Exhaustion of Administrative Remedies Administrative Procedure

Administrative remedies are also known as grievance procedures. Your case may be dismissed if you have not exhausted your administrative remedies.

A. Did your claim(s) arise while you were confined in jail, prison, or other correctional facility?

Yes ☑

No ☐

If yes, name the jail, prison, or other correctional facility where you were confined at the time of the events giving rise to your claim(s).

N.C.C.F

5

B. Does the jail, prison, or other correctional facility where your claim(s) arose have a grievance procedure.

Yes ☑

No ☐

☐ Do not know

C. Does the grievance procedure at the jail, prison, or other correctional facility where your claim(s) arose cover some or all of your claims?

Yes ☑

No ☐

☐ Do not know

D. Did you file a grievance in the jail, prison, or other correctional facility where your claim(s) arose concerning the facts relating to this complaint?

Yes ☑

No ☐

E. If no, did you file a grievance about the events described in this complaint at any other jail, prison, or other correctional facility?

Yes ☐

No ☐

If you did file a grievance:

1. Where did you file the grievance?

   At N.C.C.F

2. What did you claim in your grievance?

   Inadequate Medical Care & NEGLECT

6

3. What was the result, if any?

____No relief____

4. What steps, if any, did you take to appeal that decision? Is the grievance process completed? If not, explain why not. (Describe all efforts to appeal to the highest level of the grievance process.)

____I filed an appeal but to no avail to my Complaint.____

F. If you did not file a grievance:

1. If there are any reasons why you did not file a grievance, state them here:
____N/A____

2. If you did not file a grievance but you did inform officials of your claim, state who you informed, when and how, and their response, if any:
____N/A____

G. Please set forth any additional information that is relevant to the exhaustion of your administrative remedies.
____I continuse to file grievance on my Complaint to date I having the same issues no relief.____

(Note: You may attach as exhibits to this complaint any documents related to the exhaustion of your administrative remedies.)

7

VIII.     Previous Lawsuits

The "three strikes rule " bars a prisoner from bringing a civil action or appeal in federal court without paying the filing fee if that prisoner has "on three or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1995(g).

To the best of your knowledge, have you had a case dismissed based on this "three strikes rule"?

    Yes ☐

    No ☑

If yes, state which court dismissed your case, when this occurred, and attach a copy of the order if possible.

_____

_____

_____

A. Have you filed other lawsuits in state or federal court dealing with the same facts involved in in this action?

    Yes ☐

    No ☑

B. If your answer to A is yes, describe each lawsuit by answering questions 1 through 7 below. *(If there is more than one Lawsuit, describe the additional lawsuits on another page, using the same format.)*

    1. Parties to the previous lawsuit

        Plaintiff(s) _____

        Defendant(s) _____

8

2. Court (*if federal court, name the district; if state court, name the county and* State)

   N/A

3. Docket or index number _____

4. Name of Judge assigned to your case _____

5. Approximate date of filing lawsuit _____

6. Is the case still pending

   Yes ☐

   No ☑ N/A

   If no, give the approximate date of disposition. _____

7. What was the result of the case? (*For example: Was the case dismissed? Was judgment entered in your favor? Was the case appealed?*)

   N/A

C. Have you filed other lawsuits in the state or federal court otherwise relating to the conditions of your imprisonment?

   Yes ☐

   No ☑

D. If your answer to C is yes, describe each lawsuit by answering questions 1 through 7 below. (If there is more than one lawsuit, describe the additional lawsuits on another page, using the same format.)

   1. Parties to the previous lawsuit

      Plaintiff(s) _____

9

Defendant(s) _____

2. Court (*if federal court, name the district; if state court, name the county and State*)

    _____ NIA _____

    _____

    _____

3. Docket or index number _____

4. Name of Judge assigned to your case _____

5. Approximate date of filing lawsuit _____

6. Is the case still pending

    Yes ☐

    No ☐

    If no, give the approximate date of disposition. _____

7. What was the result of the case? (*For example: Was the case dismissed? Was judgment entered in your favor? Was the case appealed?*)

    _____

    _____

    _____

IX.   **Certification and Closing**

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further

10

investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

A. **For Parties Without an Attorney**

I agree to provide the Clerk's Office with any changes to my address where case-related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing ___January 25, 2021___

Signature of Plaintiff ___Will O. Lee___

Printed Name of Plaintiff ___William O. Lee III___

Prison Identification# ___173449___

Prison Address ___1000 Van Nuys, P.O. Box A___
___Newcastle  IN  47362___
                                  City      State     Zip Code

B. **For Attorneys**

Date of signing _____

Signature of Attorney _____

Printed Name of Attorney _____

Prison Identification# _____

Bar Number _____

Prison Address _____

Name of Law Firm _____

Street Address _____

State and Zip Code _____

Telephone Number _____

E-Mail Address _____

11