<div style="border:1px solid black; display:inline-block; padding:4px;">
**NONPRECEDENTIAL DISPOSITION**
To be cited only in accordance with FED. R. APP. P. 32.1
</div>

# United States Court of Appeals
**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted September 11, 2023[*]
Decided September 12, 2023

**Before**

FRANK H. EASTERBROOK, *Circuit Judge*

ILANA DIAMOND ROVNER, *Circuit Judge*

THOMAS L. KIRSCH II, *Circuit Judge*



CERTIFIED COPY

A True Copy
Teste:

_____
Deputy Clerk
of the United States
Court of Appeals for the
Seventh Circuit

No. 22-2711

| | |
|---|---|
| WILLIAM LEE,<br>　　*Plaintiff-Appellant*,<br><br>　　　v.<br><br>BRUCE IPPEL, et al.,<br>　　*Defendants-Appellees*. | Appeal from the United States District Court for the Southern District of Indiana, Indianapolis Division.<br><br>No. 1:21-cv-00297-SEB-MG<br><br>Sarah Evans Barker,<br>*Judge*. |

**O R D E R**

After William Lee, a former Indiana prisoner, complained of hives and other allergy symptoms, prison medical staff gave him anti-allergy injections, pills, and cream. Lee believed that the care was inadequate and sued the staff for deliberate indifference to his medical needs. The district court ruled that no reasonable jury could

---

[*] We have agreed to decide the case without oral argument because the briefs and record adequately present the facts and legal arguments, and oral argument would not significantly aid the court. FED. R. APP. P. 34(a)(2)(C).

find the staff were deliberately indifferent and entered summary judgment for them. We affirm.

In 2017, while housed at the New Castle Correctional Facility in Indiana, Lee experienced hives and swelling in his face, fingers, and feet. Over the following weeks, he was treated numerous times by medical staff. Among them was Bruce Ippel, a physician, who prescribed a diphenhydramine injection and multiple courses of prednisone (anti-allergy drugs). Lee also saw Loretta Dawson, a nurse practitioner, who prescribed another diphenhydramine injection and hydrocortisone cream (an anti-itch steroid). According to Lee, Dawson told him that she gave him this medication because he was "going to whine," but going forward, she intended to stop providing medication to prisoners.

Lee's symptoms cleared but then returned in 2018. Lee said that when he complained to an officer about hives and swelling, the officer contacted another nurse, Holly Denman. According to Lee, Denman told the officer that Lee could place a hot or cold rag upon the reaction area and wait until the morning to be seen. Two days after this exchange, Ippel diagnosed Lee's condition as immune-related chronic urticaria (chronic hives), continued his prednisone prescription, and started him on a daily dose of an antihistamine. Lee's symptoms then cleared again for several months.

Lee's allergy symptoms returned in 2019, but by then, Ippel and Denman had left the prison. Although Dawson was still there, she left within a few weeks and was not involved in his medical care during that period. When Lee's symptoms returned in 2020, the prison no longer had his medication in stock, and he was unable to treat his symptoms.

Lee sued Ippel, Dawson, and Denman under 42 U.S.C. § 1983, asserting that they violated his Eighth Amendment rights when they were deliberately indifferent to his medical needs. In Lee's view, the medical staff should have administered an allergy test and sent him to an allergy specialist. He also blamed the staff for delaying his care and not restocking his medication when it ran out.

The court entered summary judgment for the medical defendants, ruling that no reasonably jury could conclude they were deliberately indifferent. The court first explained that Lee failed to introduce evidence that Denman was involved in treating his allergies. The court acknowledged Lee's allegation that Denman told an officer to have Lee treat his symptoms with a hot or cold rag, but the court deemed the statement

No. 22-2711                                                                                                    Page 3

inadmissible because he failed to explain how he had "personal knowledge of the matter." FED. R. EVID. 602. The court next ruled that there was no disputed material fact regarding the efficacy of the anti-allergy treatment that Ippel and Dawson provided, and no evidence suggested that he required additional testing or needed to be seen by a specialist. Finally, the court concluded that the staff could not be responsible for restocking his medication in 2020 because they no longer worked at the prison.

On appeal, Lee raises several fact-specific challenges, but none are supported by the record. For example, he states that Ippel and Dawson knew that his medications were not restocked, but by his own account his medications ran out in 2020, after the staff had already left the prison. He also says that medical staff "waited a year" to "prescribe allergy medication," but again, by his own testimony, he received anti-allergy drugs within days of complaining about his symptoms. Lee particularly takes issue with Dawson's care, asserting that at some point, she "stopped [his] medication." But Lee did not support that assertion with sufficient evidence. The closest evidence is his testimony that she threatened to stop providing medication in the future, but nothing in the record reflects that she followed through with her threat.

To the extent that Lee challenges the summary judgment ruling, no reasonable jury could, on this record, conclude that these three defendants were deliberately indifferent to his allergic conditions. "The Eighth Amendment proscribes deliberate indifference to serious medical needs of prisoners amounting to the unnecessary and wanton infliction of pain." *Arce v. Wexford Health Sources Inc.*, 75 F.4th 673, 678–79 (7th Cir. 2023) (internal quotation marks omitted). For present purposes, we assume, without deciding, that Lee's allergies are a serious medical need. But Lee provided no admissible evidence that Denman was personally involved in his care, *see* FED. R. EVID. 602, so she cannot be held liable for deliberate indifference to his medical needs. *See Johnson v. Rimmer*, 936 F.3d 695, 710–11 (7th Cir. 2019). Regarding Ippel and Dawson, the "high bar" of deliberate indifference requires that Lee show they had "something approaching a total unconcern" for his health, *Rasho v. Jeffreys*, 22 F.4th 703, 710 (7th Cir. 2022), and Lee provided no such evidence. Rather, when Lee asked for medical attention, the staff gave him several anti-allergy medications that provided relief. Lee contends that the staff could have done more, for example, by conducting additional testing or sending him to a specialist. But pursuing additional care—beyond providing effective medication—is not required under the Eighth Amendment. *See id.* at 711.

AFFIRMED

# UNITED STATES COURT OF APPEALS FOR THE SEVENTH CIRCUIT

Everett McKinley Dirksen
United States Courthouse
Room 2722 - 219 S. Dearborn Street
Chicago, Illinois 60604



Office of the Clerk
Phone: (312) 435-5850
www.ca7.uscourts.gov

**FINAL JUDGMENT**

September 12, 2023

CERTIFIED COPY
A True Copy
Teste:

_____
Deputy Clerk
of the United States
Court of Appeals for the
Seventh Circuit

*Before*

FRANK H. EASTERBROOK, *Circuit Judge*
ILANA DIAMOND ROVNER, *Circuit Judge*
THOMAS L. KIRSCH II, *Circuit Judge*

| No. 22-2711 | WILLIAM LEE,<br>   Plaintiff - Appellant<br><br>v.<br><br>BRUCE IPPEL, et al.,<br>   Defendants - Appellees |
|---|---|
| **Originating Case Information:** ||
| District Court No: 1:21-cv-00297-SEB-MG<br>Southern District of Indiana, Indianapolis Division<br>District Judge Sarah Evans Barker ||

The judgment of the District Court is **AFFIRMED**, with costs, in accordance with the decision of this court entered on this date.

*[signature]*

Clerk of Court

form name: **c7_FinalJudgment**     (form ID: **132**)

# UNITED STATES COURT OF APPEALS FOR THE SEVENTH CIRCUIT



Everett McKinley Dirksen
United States Courthouse
Room 2722 - 219 S. Dearborn Street
Chicago, Illinois 60604

Office of the Clerk
Phone: (312) 435-5850
www.ca7.uscourts.gov

## NOTICE OF ISSUANCE OF MANDATE

October 4, 2023

To: Roger A. G. Sharpe
UNITED STATES DISTRICT COURT
Southern District of Indiana
United States Courthouse
Indianapolis, IN 46204-0000

| | |
|---|---|
| No. 22-2711 | WILLIAM LEE,<br>    Plaintiff - Appellant<br><br>v.<br><br>BRUCE IPPEL, LORETTA DAWSON and HOLLY DENMAN,<br>    Defendants - Appellees |

| Originating Case Information: |
|---|
| District Court No: 1:21-cv-00297-SEB-MG |
| Southern District of Indiana, Indianapolis Division |
| District Judge Sarah Evans Barker |

Herewith is the mandate of this court in this appeal, along with the Bill of Costs, if any. A certified copy of the opinion/order of the court and judgment, if any, and any direction as to costs shall constitute the mandate.

RECORD ON APPEAL STATUS:        No record to be returned

form name: **c7_Mandate** (form ID: **135**)